# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT BRYAN HOLT                                                                      PETITIONER

v.                        NO. 5:08CV00095 SWW/HDY

LARRY NORRIS, Director of the                                     RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

<u>STATE COURT PROCEEDINGS</u>.  The records maintained by the Clerk of the Court reflect that petitioner Robert Bryan Holt ("Holt") was at one-time confined in the custody of the Missouri Department of Corrections.  While so confined, a detainer was apparently placed on him by authorities with the State of Arkansas.  It appears that the detainer came about following his 1999 conviction in Greene County, Arkansas, Circuit Court of manufacturing a controlled substance.  At some point, he was released on parole from the custody of the Missouri Department of Corrections.  For some reason not clear from the record, the detainer was apparently not honored and he was not released to the custody of Arkansas authorities; instead, it appears that he simply moved to the State of Michigan and began residing there.  Holt was residing there when he committed a criminal offense.  He was convicted of the offense and incarcerated.[1]  After serving the sentence imposed for that offense, he was apparently released to the custody of Arkansas authorities to begin serving the sentence imposed for his 1999 conviction in Greene County, Arkansas, Circuit Court of manufacturing a controlled substance.  Upon arriving in the custody of the Arkansas Department of Correction ("ADC"), he represents that the following occurred:

---

[1] It is not clear whether he was incarcerated for the offense in the State of Michigan or whether he was instead incarcerated in the State of Missouri for violating his parole.

> I was led to believe that I was getting credit for time served in another prison because of [an] active detainer. Once I arrived at the [ADC] [D]iagnostic [Unit] ... in Arkansas, I was in the computer as having a T.E. date [*i.e.*, transfer eligibility date] of August, 2006, which calculated perfectly. When I arrived at the [ADC] Varner Unit, I got a time card stating my T.E. date was 2013. I wrote records here at the unit and was told I had 2,336 of dead time due to the fact that I was fleeing justice.

See Document 2 at 13. It appears that Holt's transfer eligibility date was never changed to his satisfaction.

5:07CV00202 HDY. Holt sought a judicial remedy in federal court by filing a complaint pursuant to 42 U.S.C. 1983. See Holt v. Norris, 5:07CV00202 HDY. In his complaint, he alleged that the computation of his transfer eligibility date is incorrect because it does not credit him for a 2,336 day period, which appears to be the number of days he spent in custody outside the State of Arkansas for the commission of the offense in the State of Michigan.

The undersigned characterized Holt's complaint as an attack on the legality of his incarceration and thus not cognizable in a proceeding pursuant to 42 U.S.C. 1983.[2] In addition, the undersigned declined to construe his complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 because he had not exhausted his available state remedies. In an accompanying footnote, the undersigned added the following:

---

[2] Although the Interstate Agreement on Detainers ("IAD") can give rise to a claim pursuant to 42 U.S.C. 1983, the undersigned concluded that the IAD was inapplicable in 5:07CV00202 because the detainer lodged by Arkansas authorities was based on an actual conviction and not an untried information or indictment.

-4-

> To properly challenge his sentence, [Holt] should file, in the state circuit court of the county where he is incarcerated, a petition for writ of <u>mandamus</u>, under Ark. Code Ann. 16-115-101 et seq., or a petition for a declaratory judgment under 16-111-101 et seq. [Citations omitted]. If the trial court does not grant [Holt] relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the trial court's ruling, [he] should then file a petition for writ of <u>habeas</u> <u>corpus</u> in federal court. [Holt] may re-file his due process claim under [section] 1983 if he is successful in overturning the prison's decision in state court, or if he prevails in a <u>habeas</u> <u>corpus</u> action in federal court. [Citation omitted].

<u>See</u> <u>Holt v. Norris</u>, 5:07CV00202 (E.D.Ark. November 19, 2008); Document 20 at 3. On the basis of the foregoing findings and conclusions, the undersigned dismissed Holt's complaint without prejudice.

THE PROCEEDING AT BAR. It appears that Holt did not next pursue a challenge to his transfer eligibility date in state court. He instead commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In his petition, he alleged that ADC officials were not properly crediting his sentence; he specifically alleged the following:

> I was sentenced to a [maximum] of 10 years on the [70 percent] in 1997. I've been in Missouri prison for 5 years and here in Arkansas for 2 [years] trying to get credit for the 5 years Arkansas had [an] active detainer on me. Keeping me from outside programs and moving up in class. I was credited [with] the time until I arrived at [the] Varner [Unit].

<u>See</u> Document 2 at 5. In addition to the foregoing, his petition contained the following representations:

-5-

> I have exhausted [my remedies] here and even tried to file a [42 U.S.C.] 1983 form before the state's attorney explained I needed to file this habeas corpus. I [have] done everything I know to do to try and get legal assistance to no avail and have proof that the courts and state [have] denied me that right. I'm not very legally smart and probably have even filed this paperwork wrong too.

See Document 2 at 13.

Respondent Larry Norris ("Norris") filed a response to Holt's petition. Norris first maintained that the petition is not timely. Norris alternatively maintained that Holt's claim "is not cognizable and, if cognizable, is without merit." See Document 5 at 3.

The undersigned briefly reviewed Norris' response and determined that Holt should be notified of Norris' assertions. Holt was so notified and invited to submit a reply to Norris' response.

Holt accepted the undersigned's invitation by filing a brief reply. In that submission, he maintained, inter alia, that he had "exhausted all remedies at [the] Varner Unit in the grievance process," see Document 13 at 2, and was entitled to credit for the 2,336 day period he spent in custody outside the State of Arkansas. He accompanied that submission with the pending motion for discovery. See Document 12.

ANALYSIS. As noted above, Norris has advanced three separate assertions. Although he did not specifically advance an exhaustion assertion, Holt saw the need to address it in his reply. Holt was wise to do so because the critical question at bar is whether he has exhausted his state remedies.

The exhaustion doctrine is codified at 28 U.S.C. 2254(b) and (c).[3] Paragraph (b) provides, with two exceptions, that a petition for writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the state remedies available to him.  Paragraph (c) provides that a petitioner shall not be deemed to have exhausted the remedies available to him if "he has the right ... to raise, by any available procedure, the question presented."  The foregoing requirements are not construed, though, so as to require the filing of repetitious or futile requests for relief in state court.  See Rodgers v. Wyrick, 621 F.2d 921 (8th Cir. 1980).  In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him."  See Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

The State of Arkansas has a procedure whereby a state prisoner may challenge the computation of his sentence.  The procedure is a request for declaratory judgment and writ of mandamus.  See Michalek v. Lockhart, 292 Ark. 301, 730 S.W.2d 210 (1998); St. John v. Lockhart, 286 Ark. 234, 691 S.W.2d 148 (1985); Bargo v. Lockhart, 279 Ark. 180, 650 S.W.2d 227 (1983).  Holt was specifically apprised of the procedure, and the need to utilize it, in the Order dismissing 5:07CV00202, but he has never utilized the procedure.

---

[3] "The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)].

The undersigned knows of no reason why Holt cannot raise the claim at bar in a request for declaratory judgment and writ of mandamus and, if the claim is found to be meritorious, why relief cannot be granted. His claim involves the calculation of his sentence, specifically, the refusal of ADC officials to credit his sentence for the 2,336 day period he spent in custody outside the State of Arkansas for the commission of the offense in the State of Michigan. In fact, the undersigned is convinced that he must utilize the procedure in order to exhaust his state remedies. The State of Arkansas surely has the primary interest in seeing that the sentences of its trial courts are construed correctly by its prison officials. The State of Arkansas should therefore be accorded the first opportunity to review the proper calculation of this sentence.[4]

RECOMMENDATION. On the basis of the foregoing, the undersigned recommends that the petition at bar be dismissed without prejudice because Holt has a state procedure available to him. In addition, the undersigned recommends that his motion for discovery be denied. Judgment should be entered for Norris.

DATED this ___19___ day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The exhaustion requirement is capable of being waived because of futility. Holt has not shown, however, that requiring him to file a request for declaratory judgment and writ of mandamus would be futile or that special circumstances exist to negate the exhaustion requirement.